UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50061-JLV |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| SHAWN ALLAN MACKEY, | ) | |
| | ) | |
| Defendant. | ) | |

On April 21, 2011, the court entered an order for a psychiatric or psychological examination. (Docket 15). The order granted defendant's motion for an evaluation pursuant to 18 U.S.C. § 4241(a). Id. The order directed the United States Marshals Service to transport Mr. Mackey to an appropriate facility operated by the Bureau of Prisons for that examination. Id. The order also directed the examination be completed within 45 days and a report pursuant to 18 U.S.C. §§ 4247(b) and (c) be filed. Id. Finally, the order directed that "the period of time from the date of filing of this order until the results of such examination are received by this court and defendant is subsequently returned to this district for further disposition shall be regarded as excludable time for the purposes of determining speedy trial deadlines." Id.

On June 2, 2011, the warden of the Federal Detention Center in Seattle, Washington, requested that the period of examination of defendant begin on May 31, 2011, with the study period to end on June 30, 2011. (Docket 17).

The warden requested the final report be due to the court no later than July 18, 2011.  Id.  The reason stated for these extensions was Mr. Mackey did not arrive at the federal facility for this examination until May 31, 2011.  Id.

On June 6, 2011, Mr. Mackey's attorney demanded "compliance with 18 U.S.C. § 4241 and the time limits set therein."  (Docket 18).  The defendant argued "[t]ransportation delays, problems with the U.S. Marshals, and other institutional delay is [sic] not Mr. Mackey's fault, not his concern, and not his problem."  Id.  Counsel "objects to any and all continuances, findings of necessary delay, and other non-compliance with his Constitutional and statutory rights."  Id.

The court's decision is guided by United States v. McGhee, 532 F.3d 733 (8th Cir. 2008).  In McGhee, the defendant filed a motion to determine his mental competency.  Id. at 736.  Although the court issued a timely order for transportation and evaluation, Mr. McGhee did not arrive at the designated medical facility until 69 days later.  Id. at 736-37.  The court concluded "the period of delay [64 days] involved *proceedings* to determine McGhee's competency.  This time is excludable under the [Speedy Trial Act], whether reasonable or unreasonable.  *See* § 3161(h)(1)(A) (excluding delays caused by proceedings to determine the defendant's mental competency) . . . . "  Id. at 737 (emphasis in original).  The court also addressed the four days it took to physically transport Mr. McGhee to the facility.  "The period of delay [four days]

2

did involve the *transportation* of McGhee. . . . this period is excluded from the STA computation.  *See* § 3161(h)(1)(H) . . . ."  Id. at 738 (emphasis in original).

Accordingly, it is hereby

ORDERED that the 30-day evaluation period contemplated by 18 U.S.C. § 4247(b) for an evaluation pursuant to 18 U.S.C. § 4241(a) shall commence beginning May 31, 2011, and end on June 30, 2011, with the final report being submitted to the court and counsel pursuant to § 4247(c) no later than **July 18, 2011**.

IT IS FURTHER ORDERED that the period of time until the results of such examination are received by this court and defendant is subsequently returned to this district for further disposition shall be regarded as excludable time for the purposes of determining speedy trial deadlines.

IT IS FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(1)(A), the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Dated June 7, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE